UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60155-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

DEANGELO JONES,

    *Defendant.*

_____/

### POSITION OF THE DEFENDANT WITH RESPECT TO SENTENCING FACTORS AND APPLICATION OF SENTENCING GUIDELINES

The defendant, DEANGELO JONES, by and through his undersigned counsel, and pursuant to Federal Rule of Criminal Procedure 32, Administrative Order 95-02 of the Chief Judge in and for the Southern District of Florida, and Local Rule 88.8, files the following corrections and objections to the Presentence Investigation Report (PSI). In support of his position at sentencing the defendant states the following:

    **I. There Are Facts Contained In The Offense Conduct Portion Of The Presentence Investigation Report Which Are In Dispute And/Or Objected To By The Defendant.**

**Paragraph 4:** The probation officer states in paragraph 4 that "…they all went to Jones' house in Fort Lauderdale. S.K. was Jones girlfriend." The undisputed facts in this case are that the underaged girls stayed at different locations with different men and never went to the home where Mr. Jones resided. The testimony at trial demonstrated that while in the Fort Lauderdale area, these girls stayed at the homes of David Porter, Van Williams,

1

and P.I.'s cousin ("Tay").  There was no testimony or any evidence produced at trial that any of these girls were taken to or met up with the defendant at his home.

**Paragraph 6:** The probation officer states that "on the fourth night P.I. had four to five prostitution dates."  However at trial, P.I. testified that she only had one date on the last night she stayed at the Red Roof Inn.  Furthermore, the probation officer states that while at the Red Roof Inn "Jones threw her [P.I.] against a mirror because he thought she was being disrespectful."  However the testimony at trial was that the defendant broke a mirror at the Red Roof Inn after pushing S.K. (not P.I.) against the mirror.  Lastly, the probation officer states the reason the defendant "threw S.K. against a mirror" was that she "did not charge the client".  However at trial, no witness gave a reason for the confrontation.  Neither S.K. nor P.I. ever testified why this incident occurred.

**Paragraph 68:** The probation officer states that defendant Jones and Jolisa Albury have a 14 month old daughter together.  However the child is two years old.

## II.  Sentencing Factors Which Are In Dispute And/Or Objected To By The Defendant.

### A.    Offense level computation

The probation officer has correctly applied Chapter 3, Part D (multiple counts) in computing the defendant's offense level.  The defendant is convicted of those offenses involving S.K. and P.I.  However, Mr. Jones was acquitted of the offense alleging wrongful conduct with J.J.  The probation officer erroneously included as a third grouping the acquitted offense involving J.J. and erroneously calculated a total of 3 units instead of 2.

2

799 Brickell Plaza · Suite 606 · Miami, FL 33131 · Tel: (305) 579-0008 · Fax: (305) 358-7222
www.roykahnlaw.com · rjk@roykahnlaw.com

B.    **Specific offense characteristics**

1.    **2G1.3(b)(2)(B).**

The probation officer applied an enhancement in each of the offenses of conviction (and the offense for which the defendant was acquitted) pursuant to 2G1.3(b)(2)(B). This specific offense characteristic calls for a two level enhancement where a defendant "otherwise unduly influenced a minor to engage in prohibited sexual conduct". The evidence at trial established that both S.K. and P.I. (and J.J.) all had previously engaged in commercial sex acts prior to meeting the defendant. S.K. testified that she had been a prostitute previously with other pimps and had worked independently. J.J. testified that P.I. had admitted being a prostitute prior to ever meeting the defendant. The guideline's Commentary establishes that "[i]n a case in which a participant is at least ten years older than the minor, there shall be a rebuttable presumption" that such participant…"unduly influenced the minor to engage in prohibited sexual conduct". Because the defendant was 19 years old at the time of this offense, the presumption supporting this enhancement does not apply. The testimony at trial suggests that the girls were already inclined to engage in commercial sex acts before they met the defendant, therefore this two (2) level enhancement should not apply.

2.    **§2G1.3(b)(3)(B).**

The probation officer applied a two (2) level enhancement because the offense "involved the use of a computer or interactive computer service to entice, encourage, offer or solicit a person to engage in prohibited sexual conduct with the minor". The facts

3

799 Brickell Plaza · Suite 606 · Miami, FL 33131 · Tel: (305) 579-0008 · Fax: (305) 358-7222
www.roykahnlaw.com · rjk@roykahnlaw.com

presented at trial establish that an online advertisement was utilized to promote that the minors were available for commercial sex.  According to Application Note 4 of §2G1.3 U.S.S.G. this enhancement "is intended to apply only to the use of a computer or an interactive computer service to communicate directly with a minor or with a person who exercises custody, care, or supervisory control of the minor".

In the present case, an internet advertising site called "back page" was utilized by S.K. to advertise her services to potential Johns.  The testimony at trial showed that S.K. posted advertisements for J.J. and P.I. on the back page so they too could advertise their services to potential Johns.  At no time did the defendant ever "communicate directly with a minor or with a person who exercised custody, care or supervisory control of the minor".

In *United States v. Patterson*, 576 F.3d 431 (7th Cir. 2009), the appellate court was confronted with facts very similar to the case at bar.  In *Patterson,* the victim traveled with the defendant to Chicago, Illinois in order to engage in prostitution.  Another prostitute posted prostitution advertisements for the victim on internet sites such as Craig's List.  Those advertisements contained naked photos of the victim and contact information for persons to arrange "dates" with the victim through the internet.  The appellate court found that the intent of this enhancement was for where a defendant solicited through the internet the services of a minor directly, or through the minor's custodian.  Such was not the case in *Patterson* and the court of appeals reversed.

Defendant Jones did not directly make contact with the victims through the internet, but rather S.K. used the internet to post advertisements for herself and the other minor female to attract "dates".  This two (2) level enhancement therefore does not apply.

4

To summarize, the defendant was acquitted for the sex trafficking offense involving J.J. and therefore Count 4 should not be part of the base offense calculation.  In addition, the specific offense characteristics applied by the probation officer to enhance the defendant's offense level (unduly influencing a minor to engage in prohibited sexual conduct; use of a computer or an interactive computer service to entice, encourage, offer or solicit a person to engage in prohibited sexual conduct with a minor)  are not applicable and the guidelines should be reduced accordingly.  The adjusted offense level should be 34, plus 2 for multiple count adjustments resulting in a combined adjusted offense level of 36.

## Conclusion

Wherefore, based upon the foregoing facts and circumstances, the defendant Deangelo Jones, respectfully requests this Court order that the Presentence Investigation Report be amended in accordance with objections raised herein.

        Respectfully submitted,

        ROY J. KAHN, P.A.
        799 Brickell Plaza, Suite 606
        Miami, Florida 33131
        (305)358-7400 / Fax (305) 358-7222

        /S/ *Roy J. Kahn*
        ROY J. KAHN
        Florida Bar No. 224359
        rjk@roykahnlaw.com

5

799 Brickell Plaza · Suite 606 · Miami, FL 33131 · Tel: (305) 579-0008 · Fax: (305) 358-7222
www.roykahnlaw.com · rjk@roykahnlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **February 11, 2013**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record.

/S/ *Roy J. Kahn*
ROY J. KAHN

799 Brickell Plaza · Suite 606 · Miami, FL 33131 · Tel: (305) 579-0008 · Fax: (305) 358-7222
www.roykahnlaw.com · rjk@roykahnlaw.com