UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60155-CR-DIMITROULEAS

UNITED STATES OF AMERICA

v.

DEANGELO JONES,

        Defendant.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, and respectfully responds to the Defendant, Deangelo Jones' objections to the Pre-Sentence Investigation Report (PSI):

1. **Factual Objections**

The Defendant objects to paragraph 4 of the PSI which states that J.J. and P.I. went with S.K. to Hones' house in Fort Lauderdale. The minors testified that they went to David Porter's house, although S.K. did testify that the Defendant's parent's home was in the same vicinity as Porter's house.

The Defendant objects to paragraph 6 of the PSI which summarizes P.I.'s testimony. The testimony was that P.I. witnessed the Defendant throw S.K. into the mirror at the Red Roof Inn, causing the mirror to shatter. P.I. also testified that the Defendant was physically abusive to her as well. P.I. described one incident for the jury where the Defendant punched her repeatedly for refusing to give him all the money she had made during one of her prostitution dates. According to P.I., after the date, she had given some of the money to another female because the customer was the

other female's regular, she gave some of the money to the Defendant, and she kept $20 for herself because she wanted to go home and needed money. P.I. testified that the Defendant knew she had taken some of the money and punched her and stripped her in front of a room full of people causing P.I. to throw the $20 at the Defendant and run out of the room. In addition, S.K. testified that the reason the Defendant threw her into the mirror at the Red Roof Inn was because she had been text messaging with another male.

    2.    **Sentencing/Legal Objections**

    A.    <u>Acquitted Conduct</u>

The Defendant objects to the Probation Officer's inclusion in the offense conduct grouping calculation of the conduct relating to victim J.J. because the Defendant was acquitted of that count. However, relevant conduct dictates the inclusion of victim J.J. in the offense conduct and the offense level computation.

In the case of *United States v. Watts*, 117 S.Ct. 633, the Supreme Court held that the inclusion of acquitted conduct may be considered and held that a jury's verdict of acquittal does not prevent the court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence. In the Eleventh Circuit case of *United States v. Faust*, 456. F.3d 1342, the Court held:

> Under our long-standing precedent, "[r]elevant conduct of which a defendant was acquitted nonetheless may be taken into account in sentencing for the offense of conviction, as long as the government proves the acquitted conduct relied upon by a preponderance of the evidence." *United States v. Barakat*, 130 F.3d 1448, 1452 (11th Cir.1997); *see also United States v. Rivera–Lopez*, 928 F.2d 372, 372–73 (11th Cir.1991). Citing to the *Watts* case, supra, the Court noted that 'sentencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction.'

*Id.* At 1347.

The government submits that despite the fact that the jury acquitted the Defendant on Count 4, J.J.'s testimony was consistent with that of the other victims and was in fact corroborated by their testimony. The government would ask this Court to find that the government has proven by a preponderance of the evidence that the Defendant did in fact commit the crime of sex trafficking of J.J. and overrule the Defendant's objection.

B.      Undue Influence

The Defendant argues that he should not be assessed a two level increase for unduly influencing a minor to engage in prohibited sexual conduct because the minors had engaged in acts of prostitution before meeting the Defendant.

The Guidelines provide a two-level sentence enhancement if "a participant ... unduly influenced a minor to engage in prohibited sexual conduct ..." U.S.S.G § 2G1.3(b)(2)(B). "In determining whether subsection (b)(2)(B) applies, the court should closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior." U.S.S.G. § 2G1.3(b)(2)(B), comment (n.3(B)).

The testimony of victims S.K. and P.I. at trial clearly established that the Defendant unduly influenced them to engage in commercial sex acts. The government does not dispute that the victims each testified that they had engaged in acts of prostitution before meeting the Defendant. The government also does not dispute that at times, the minors voluntarily chose to engage in prostitution dates while working for the Defendant without objection. However, there was also testimony that the Defendant was often physically violent towards them. S.K. testified that the Defendant forced her to walk along Sistrunk Boulevard, a dangerous part of town, late at night, over her objections,

in order to attract customers. She also testified that the Defendant often hit her, yanked her hair and on one occasion, threw her against a mirror, choking her until she almost lost consciousness. P.I. testified that after watching S.K. being beaten by the Defendant, she knew not to say no when he told her to work, even if she was tired. P.I. also testified that the Defendant was physically violent with her as well. In addition to the climate of fear created by the Defendant, each of the victims also testified that the Defendant provided them with marijuana on a regular basis. Clearly, the Defendant's treatment of these victims compromised the voluntariness of their behavior. As such, the two level enhancement is appropriate.

    C.    <u>Use of a Computer</u>

The Defendant objects to being assessed two levels pursuant to U.S.S.G. Section 2G1.3(b)(2)(B) because his offense involved the use of a computer. The Defendant argues that the enhancement should not apply to him because the Defendant did not use a computer to communicate directly with a minor or with a person who exercised custody, care or supervisory control of a minor.

Pursuant to U.S.S.G. § 2G1.3(b)(3)(B), a defendant's offense level is increased by two levels "[i]f the offense involved the use of a computer or an interactive computer service to ... entice, encourage, offer or solicit a person to engage in prohibited sexual contact with a minor. This enhancement "is intended to apply only to the use of a computer or an interactive computer service to communicate directly with a minor or with a person who exercises custody, care, or supervisory control of the minor." U.S.S.G. § 2G1.3 cmt. n. 4.FN4.

S.K., P.I. and J.J. each testified that the Defendant used his cell phone, or directed someone else to use his cell phone, to post their prostitution ads on backpage.com. A computer is defined at 18 U.S.C. § 1030(e)(1) as "an electronic, magnetic, optical, electrochemical, or other high speed data

processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or similar device." In this case, the Defendant's cell phone falls within the definition of a computer.

The trial testimony established that the Defendant, or someone else working under the Defendant's direction, used his cell phone to post prostitution advertisements of the minors of backpage.com. These ads were used to entice and solicit customers to contact the number listed in the ads, specifically, the Defendant's cell phone, and arrange a date. The testimony further demonstrated that after the ads were placed by either the Defendant or another, such as S.K., at the Defendant's direction, customers would either call or send a text message to the Defendant's cell phone to arrange the date. The text message evidence clearly established that the minors, specifically, S.K., or the Defendant who was supervising and controlling the minors, used the cell phone to communicate directly with customers to arrange prostitution dates. In the case of *United States v. Burnett*, 377 Fed. Appx. 249, 2010 WL 1677237 (C.A.3 (N.J.)), the Third Circuit Court of Appeals found that the enhancement for use of a computer applied in a case where the evidence established that the defendant posted ads for a minor's prostitution services on Craigslist.com. In that case, the evidence established only that the defendant posted the ads using a computer and that customers responded to those ads. The Court still found the enhancement applicable, stating: "[w]e conclude that Section 2G1.3(b)(3)(B) properly applies to Burnett, because he personally communicated by computer with individuals he enticed to have sex with A.M." *Id*. at 252. Further, the Court found that the defendant was exercising supervisory control over the minor during these communications.

The enhancement as it relates to Defendant Jones is even more on point with the language of the Application Note. When the Defendant and others working under his supervisory control posted ads on backpage.com, he was communicating with customers he was soliciting to have sex with the minors. In addition, the testimony established that S.K. often used the cell phone to engage in text message communications where details of the sexual acts were discussed and dates were arranged. Thus, the cell phone, which is the functional equivalent of a computer as defined above with an Internet connection and data storage capability, was used to entice, encourage, offer and solicit customers to engage in prohibited sexual contact with minors.

The evidence supports the enhancement because the cell phone was the mechanism that was used to post the ads to solicit customers and was further used by the customers to communicate with the minors to arrange the prostitution dates. Thus, the government submits that the PSI is correct and the defendant's offense level should be increased by two levels, pursuant to U.S.S.G. Section 2G1.3(b)(2)(B).

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:   s/ Corey Steinberg
Assistant United States Attorney
Florida Bar No. 0563234
500 Broward Blvd. 7th Floor
Fort Lauderdale, Florida 33394-3016
Tel: 954-660-5147
Fax: 954-356-7336
corey.steinberg@usdoj.gov

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that on February 13, 2013, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF.

                                      s / *Corey Steinberg*
                               Assistant United States Attorney